UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| 2811 N BIG SPRING, LLC | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | C.A. NO.: 7:24-cv-00091 |
| | § | |
| COVINGTON SPECIALTY | § | |
| INSURANCE COMPANY | § | |
| *Defendant* | § | |

## NOTICE OF REMOVAL BY DEFENDANT
## COVINGTON SPECIALTY INSURANCE COMPANY

Defendant Covington Specialty Insurance Company ("Covington") files this Notice of Removal under 28 U.S.C. §§ 1441 and 1446, as follows:

### I.    Introduction

1.    This lawsuit concerns a dispute over a claim for property damage made under a commercial insurance policy (the "Policy").

2.    On January 31, 2024, Plaintiff filed suit against Covington, in a case styled Cause No. CV60456; *2811 N Big Spring, LLC v. Covington Specialty Insurance Company*; in District Court of Midland County in Midland, Texas (the "State Court Lawsuit"). The address of the District Court of Midland County, Texas is 500 N. Loraine Street, Suite 901, Midland, Texas 79701.

3.    Covington received the Plaintiff's Original Petition filed in the State Court Lawsuit and the citation on February 26, 2024.

## II.    <u>Removal is Timely, Proper, and Lawful</u>

4.      Removal is timely because Covington files this Notice of Removal within the 30-day time-period required by 28 U.S.C. § 1446(b). *Bd. of Regents of Univ. of Tex. Sys. v. Nippon Tel. & Tel. Corp.*, 478 F.3d 274, 278 (5th Cir. 2007).

5.      Removal to this District and Division is proper pursuant to 28 U.S.C. § 1441(a) because the state court where the lawsuit is pending is located in this District and Division. 28 U.S.C. § 124(d)(7).

6.      Removal is lawful because a defendant is permitted to remove a civil action from state court to a federal district court that has original jurisdiction. 28 U.S.C. § 1441(a). Among other circumstances, federal district courts have original jurisdiction over cases between completely diverse citizens involving an amount in controversy of at least $75,000.00. 28 U.S.C. § 1332(a).

### A.    The Parties are Diverse

7.      Here, Covington is a citizen of New Hampshire, where it is incorporated, and Georgia, where it maintains its principal place of business. *See* 28 U.S.C. § 1332(c)(1); *Lincoln Property Co. v. Roche*, 546 U.S. 81, 88-89 (2005).

8.      Plaintiff is a limited liability company, and its citizenship is "determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Plaintiff alleges that it is a Texas limited liability company. (ECF Doc #1-6, ¶ 1). Covington has conducted a diligent investigation to determine Plaintiff's citizenship, including review of information available via the Texas Secretary of State and

search of court records.

9.    Covington was not able to find Plaintiff, 2811 N Big Spring, LLC, registered with the Texas Secretary of State or in court records (other than the State Court Lawsuit). However, Covington located a similarly named entity – 2811 Big Spring, LLC – registered with the Texas Secretary of State. The Midland County Appraisal District records indicate that 2811 Big Spring LLC owns the insured property at issue – 2811 N. Big Spring, Midland, Texas 79705 (the "Property").

10.    Information available via the Texas Secretary of State indicates that the managing members of 2811 Big Spring LLC are Valerie Drew and Christy Kerr.

11.    A person is considered a citizen of the state where she is domiciled – where she has established a fixed habitation or abode, intending to remain there permanently or indefinitely. *Acridge v. Evangelical Lutheran Good Samaritan Soc.*, 334 F.3d 444, 448 (5th Cir. 2003); *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019). Information available via the Erath County Appraisal District shows that Valerie Drew owns four properties in Erath County, Texas and Christy Kerr owns one property in Erath County, Texas. Covington did not locate court records about either individual.

12.    The four properties owned by Valerie Drew are (i) 109 Greenview Dr., Stephenville, Texas 76401; (ii) 309 Rosebud, Stephenville, Texas 76401; (iii) 202 Sharp Dr., Stephenville, Texas 76401; and (iv) 108 Blue Jay Dr., Stephenville, Texas 76401. Covington was unable to locate any additional information that indicates where Valerie Drew is domiciled.

13.     The property owned by Christy Kerr is 1435 Highland View Dr., Stephenville, Texas 76401, and the Erath County Appraisal District indicates that this property is a homestead.

14.     Therefore, after conducting a diligent investigation, Covington pleads, based on information and belief, that Plaintiff is domiciled in Texas and is a citizen of Texas because its members are domiciled in, and therefore citizens of, Texas.

**B.     Amount in Controversy Exceeds $75,000.00**

15.     "The general federal rule has long been to decide what the amount in controversy is from the complaint itself, unless it appears or is in some way shown that the amount stated in the complaint is not claimed 'in good faith.' In deciding this question of good faith we have said that it 'must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.'" *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)).

16.     A defendant can support removal by showing the face of the petition establishes the claims likely exceed $75,000.00 or, alternatively, the evidence shows that the amount in controversy is more than $75,000.00. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); 28 U.S.C. § 1446(c). The amount in controversy exceeds $75,000.00 because Plaintiff alleges that it values the insurance claim at issue at $244,588.67 (replacement cost value) and $237,581.12 (actual cash value); and provides an estimate in support of these valuations (ECF Doc #1-6, ¶ 8 and Ex. C).

17.     Moreover, "[w]here a claim involves the applicability of an insurance policy

to a specific occurrence, 'the jurisdictional amount in controversy is measured by the value of the underlying claim.'" *Garza v. State Farm Lloyds*, 2018 WL 8638780, at \*3 (S.D. Tex. May 3, 2018) (quoting *Hartford Ins. Grp. v. Lou-Con, Inc.*, 293 F.3d 908, 911 (5th Cir. 2002)(per curiam); *see Santiago v. State Farm Lloyds*, 2013 WL 1880845, at \*4-5 (S.D. Tex. 2013) (holding a breach of contract claim facially implicating policy limits, which exceeded the amount in controversy threshold, sufficiently measured the value of the claim). In addition, exemplary damages, treble damages, and attorney fees are included as part of the amount in controversy. *Bates v. Laminack*, 938 F. Supp. 2d 649, 655 (S.D. Tex. 2013) (citing *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240–41, 64 S.Ct. 5, 88 L.Ed. 15 (1943)); *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 873–74 (5th Cir.2002).

18.     Plaintiff alleges that the value of the insurance claim is over \$75,000.00 and seeks attorney's fees, mental anguish, and three times economic damages. ECF Doc #1-6, ¶¶ 8 and 43).

19.     To properly set the amount in controversy below \$75,000.00, Plaintiff needed to stipulate that it does not seek and would not accept more than \$75,000.00. *Johnson v. Ocean Harbor Casualty Insurance Co.*, 2019 WL 13214977, \*1-2 (S.D. Tex. Nov. 4, 2019) (plaintiffs' stipulation supporting remand stated the amount of damages plaintiffs sought and would accept did not exceed \$75,000.00); *Williams v. Companion Property & Cas. Ins. Co.*, 2013 WL 2338227, \*2 (S.D. Tex. May 27, 2013) ("The statement in the stipulation that [Plaintiff] Williams and counsel will neither seek nor accept more than \$75,000 in state court after remand establishes to a legal certainty that Williams will

not be able to recover more than $75,000.00.") (citing *Vidaurri v. H.M.R. Props.*, 2007 WL 1512029, \*6 (W.D. Tex. Mar. 8, 2007) (finding no legal certainty that the amount in controversy was less than $75,000 because the plaintiff did not provide a "binding stipulation that she will not seek or accept more than $75,000.00." (emphasis added)); *Adams v. Fednat Insurance Company*, 2019 WL 13189854, \*1 (S.D. Tex. Nov. 11, 2019) ("The plaintiff may satisfy the legal-certainty test by filing a binding stipulation or affidavit that limits the recovery to $75,000.00 or less. Specifically, a binding stipulation—filed before removal—that states the plaintiff will not accept more than $75,000.00, exclusive of interest and costs, satisfies the legal-certainty test.") (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 724 (5th Cir. 2002) and *Williams v. Companion Prop. & Cas. Ins. Co.*, 2013 WL 2338227, at \*2 (S.D. Tex. May 27, 2013) (Rosenthal, C.J.)).

20. Plaintiff has not established to a legal certainty that it seeks $75,000.00 or less and would not accept more than $75,000.00 because it did not submit a proper stipulation.

21. Accordingly, the requirements needed for federal diversity jurisdiction are met as between Plaintiff and Covington.

### III.    Jury Demand

22. Plaintiff demanded a jury in the State Court Lawsuit.

### IV.    Conclusion and Contemporaneous Removal Filings

23. The State Court Lawsuit should be removed to this Court pursuant to 28 U.S.C. § 1441 because there is complete diversity of citizenship between the parties and the amount in controversy is in excess $75,000.00.

24.     Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be given to Plaintiff and filed in the State Court Lawsuit promptly after the filing of this Notice.

25.     Pursuant to 28 U.S.C. §1446(a), the following documents are being filed simultaneously and as exhibits to this notice of removal:

1. Civil Cover Sheet;
2. Supplemental Cover Sheet
3. Index of documents being filed;
4. State Court Lawsuit Docket Sheet;
5. Covington's Original Answer filed in state court.
6. Executed process with petition;
7. Covington's Disclosure Statement.

26.     WHEREFORE, Defendant Covington Specialty Insurance Company requests that this action be removed from the District Court of Midland County, Texas, to the United States District Court for the Western District of Texas, Midland-Odessa Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

By: /s/ John Michael Raborn
    John Michael Raborn
    State Bar No. 24057364
    jraborn@sbsb-eastham.com

**Schouest, Bamdas, Soshea, BenMaier & Eastham PLLC**
1001 McKinney Street, Suite 1400
Houston, Texas 77002
713-588-0446
713-574-2942 fax

**ATTORNEYS FOR DEFENDANT**

**COVINGTON SPECIALTY
INSURANCE COMPANY**

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on March 27, 2024, a true and correct copy of the foregoing was served on all counsel of record, including those listed below, via any proper method of service allowed by the Federal Rules of Civil Procedure, the Local Rules for this Court, or any method of service agreed to by the parties.

Todd M. Hurd
Todd Hurd & Associates
t.hurd@texasattorneylaw.com
PO Box 1741
Burleson, Texas 76097
Tel. 817.426.4529
Fax. 817.426.8159 And;
Juliana Morris
Law Office of Juliana Morris
juliana@morristexaslaw.com
661 E Main Street, Suite 200-136
Midlothian, Texas 76065
Tel. 817.415.0999
Fax. 817.426.8159
**Attorneys for Plaintiff 2811 N Big Spring, LLC**

/s/ *John Michael Raborn*

John Michael Raborn